# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHANNA ONG,**<br>**DR. BEVERLY ONG,**<br><br>Plaintiffs,<br><br>v.<br><br>**SUPERIOR COURT OF HUDSON COUNTY,** *et al.*,<br><br>**Defendants.** | Civ. No. 16-06777 (KM)(JBC)<br><br>**OPINION** |

The plaintiffs, Johanna Ong and Dr. Beverley Ong, bring this action against the Hudson County Sheriff's Office (the "Sheriff"), the Hudson County Correctional Center ("HCCC"), and the Jersey City Medical Center ("JCMC"), as well as other State and County institutions and agencies.[1] Now before the Court are motions of the Sheriff and HCCC (ECF no. 8), as well as JCMC (ECF no. 10) to dismiss the Complaint[2] for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motions will be granted.

## I. Standard on a Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated.

---

[1] Those other defendants, not involved in the current motions, are the Superior Court of Hudson County, the Hudson County Prosecutor's Office, the State Department of Human Services, Trenton Psychiatric Hospital, and Jersey City Municipal Court.

[2] There is a Complaint, with voluminous exhibits. (ECF no. 1) There is also an "Amended Complaint," with voluminous exhibits. (ECF no. 3) It is unclear whether it is intended to supplement or replace the original complaint, so I have considered the motions to dismiss in relation to both, and "Complaint," as used herein, refers to both.

1

*Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Defendants raise the statute of limitations, technically an affirmative defense which must be pled in an answer. *See* Fed. R. Civ. P. 8(c)(1). Nevertheless, a complaint may be dismissed on statute of limitations grounds on a Rule 12(b)(6) motion, if "the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, __ F.3d __, 2017 WL 2112308 at *4 (3d Cir. May 16, 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

The Complaint attaches a large volume of exhibits. The Court in considering a Rule 12(b)(6) motion is generally confined to the allegations of the complaint. That rule, however, has exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Where the plaintiff, like Ong here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II. Analysis

### A. Statute of Limitations

All three of the movants seek to dismiss Ong's Complaint on statute of limitations grounds. Because the Complaint was filed outside of the two-year limitations period for § 1983 actions, the Complaint will be dismissed as against those three defendants.

Initially, I must attempt to define the claims being asserted. At one point, the Complaint has a long list of torts and constitutional violations, but it does not identify the particular cause of action that is being asserted against any specific defendant. Some particulars, however, can be gleaned from the Complaint in conjunction with the attached exhibits. These claims have their roots in a bitter dispute between the Ongs and their neighbors, the Pastars that began in 2006, resulting in the Ongs being indicted for various harassment-related charges in 2009. (ECF no. 1-7)

As to Sheriff and HCCC, the claims of the Complaint arise out of courtroom proceedings. The Complaint alleges that Sheriff's Officers used excessive force against the plaintiffs on May 29, 2012, and November 1, 2013. (ECF no. 1-1 at 3)

On the earlier date, May 29, 2012, Johanna Ong was in court being sentenced on charges of harassment and criminal mischief. (ECF no. 1-8; *see also* Judgment, ECF no. 1-9 at 4.) She later signed a written internal complaint stating that, after court, both plaintiffs were brutalized by Sheriff's Officers, and then were taken to JCMC. (ECF no. 3 at 4–5) Starting in late May 2012, the Ongs were transferred to HCCC, where they were allegedly physically mistreated until finally being released on June 4, 2012. (ECF no. 1-15)

On the latter date, November 1, 2013, Johanna Ong was in Court in connection with charges of aggravated assault against a Sheriff's officer and resisting arrest (arising from the May 29, 2012 incident). (*See* ECF nos. 1-4, 1-6) Judge Theemling ordered a psychiatric examination of Johanna Ong to determine whether she was sane at the time of the offense, and whether she

4

was fit to proceed. (ECF no. 1-3; ECF no. 3 at 4)[3] She alleges that she was again physically mistreated by the Sheriff's officers at this time.

As to JCMC, the claims of the Complaint appear to arise, in part, out of the psychiatric observation of Johanna Ong that was ordered on November 1, 2013. This evaluation allegedly lasted for 6 days, and was followed by transfer to HCCC and a lengthier evaluation at the Trenton State Psychiatric Hospital (also named as a defendant). (ECF no. 1; ECF no. 3 at 4–5) Plaintiffs also allege that on May 29, 2012, Johanna Ong was placed in the psychiatric ward, and that Beverly Ong was taken to the intensive care unit, of JCMC; both, they say, were handcuffed. Apparently there was a course of anger management counseling at JCMC in September–November 2013.[4]

Against the Sheriff's Office the claim is clearly one of excessive force. As to HCCC and JCMC plaintiffs are alleging that their temporary commitments were wrongful and that they were physically mistreated. The likely basis for such a claim would be a deprivation of constitutional rights under 42 U.S.C. § 1983 and/or a state-law personal injury tort claim.

New Jersey state tort claims for personal injury are governed by a two year statute of limitations. N.J. Stat. Ann. § 2A:14-2. Federal claims under 42 U.S.C. § 1983 are subject to the same two-year statute of limitations for personal injury claims. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims).

The Complaint was originally filed on October 7, 2016. Any cause of action that accrued before October 7, 2014, is therefore barred by the two-year

---

[3] Eventually she was found unfit and the charges were ordered dropped. (ECF no. 1-17)

[4] Among the exhibits is a "patient itinerary" reflecting an outpatient psych evaluation appointment on Nov. 1, 2013. (ECF no. 1-13) There is also a letter from JCMC stating that Johanna Ong has been enrolled in anger management since September 2013, and was scheduled to complete it on November 1, 2013 (but would miss the appointment because of her court date). (ECF no. 1-12)

5

statute of limitations. All of the claims alleged against JCMC, the Sheriff, or HCCC accrued before that date. All of the relevant acts occurred in the period from May 2012 through November 2013.[5]

Accordingly, the complaint is time-barred as against these defendants. Because it is apparent that amendment would be futile, this dismissal is with prejudice.

## CONCLUSION

For the foregoing reasons, the defendants' Rule 12(b)(6) motions (ECF nos. 8, 10) to dismiss the complaint are **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** against defendants Jersey City Medical Center, the Sheriff of Hudson County, and the Hudson County Correctional Center.

Dated: June 5, 2017

**Kevin McNulty**
**United States District Judge**

---

[5] Tolling or delayed accrual are not issues here. These wrongful actions and their wrongful nature would have been immediately apparent to the plaintiffs.

6