UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANNA ONG,
DR. BEVERLY ONG,

                      Plaintiffs,

v.

SUPERIOR COURT OF HUDSON
COUNTY, *et al.*,

                      Defendants.

Civ. No. 16-06777 (KM)(JBC)

**MEMORANDUM & ORDER**

On May 3, 2017, the plaintiffs, Johanna Ong and Dr. Beverley Ong, filed three motions requesting three forms of relief:

    (a) Issuance of order of protection and no-contact order against Babak Pasdar *et al.*;

    (b) Denial of extensions of time to answer;

    (c) Entry of default judgment against all defendants/respondents for failure to answer the Complaints;

(ECF nos. 28, 29, 30) These three submissions appear to be duplicates, and they all request all three forms of relief.

The first motion [a] must be denied. Pasdar, *et al.*, are not parties to this action. They are the plaintiffs' Jersey City neighbors, with whom they have been embroiled in a feud since at least 2006. (*See* exhibits to Complaint, ECF no. 1) At any rate, the court sees no basis on which it would take jurisdiction over this purely local dispute. *See* generally 28 U.S.C. § 1331 (federal court jurisdiction based on federal question, *e.g.*, a federal-law cause of action); 28 U.S.C. § 1332 (federal court jurisdiction where parties are citizens of separate

1

states and amount in controversy exceeds $75,000).

Motion [b] will be denied as well. The Court routinely grants reasonable extensions of time to answer, and will not depart from its usual practice.

Motion [c] will likewise be denied. "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Among other things, the Court must be satisfied that the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

A precondition to a default judgment is entry of default by the clerk. Fed. R. Civ. P. 55(a). That has not been done.

At any rate, it appears that there has been no default. Before a court may enter default judgment against a defendant, the plaintiff must have failed to file an answer or otherwise respond to a properly served complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Three defendants have timely responded to the complaint. They filed motions to dismiss (ECF nos. 8, 10), granted by Order and Opinion filed today. It appears that the rest have requested and been granted extensions of their time to answer. (ECF nos. 27, 35)

## ORDER

Accordingly, IT IS this 5th day of June, 2017

ORDERED that the plaintiffs' motions (ECF nos. 28, 29, 30) are DENIED.

_Kevin McNulty_
**Kevin McNulty**
**United States District Judge**