UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**JOHANNA ONG,**
**DR. BEVERLY ONG,**

Civ. No. 16-06777 (KM)(JBC)

Plaintiffs,

**MEMORANDUM & ORDER**

v.

**SUPERIOR COURT OF HUDSON**
**COUNTY,** *et al.,*

Defendants.

Before the Court are motions of the plaintiffs, Johanna Ong and Dr. Beverley Ong, that seek four forms of relief. (ECF nos. 39, 40, 41, 42) I have interpreted them as motions for reconsideration of prior rulings of the Court, rendered some two days previously. In addition, the Ongs seek to remove attorney Matthew Eric Blackman from the case. (ECF no. 43) I will deny these motions without requiring a response.

**A.    Reconsideration**

I first discuss the four reconsideration motions.

On June 6, 2017, the Court filed the following:

(a) an Opinion (ECF no. 36) and Order (ECF no. 37) granting the motions of defendants Jersey City Medical Center ("JCMC"), the Sheriff of Hudson County (the "Sheriff"), and the Hudson County Correctional Center ("HCCC") to dismiss the complaint for failure to state a claim, essentially on statute of limitations grounds;

(b) a Memorandum and Order (ECF no. 38) denying the motions of the plaintiffs requesting three forms of relief:

(i) Issuance of order of protection and no-contact order against

1

Babak Pasdar *et al.*;

     (ii) Denial of further extensions of time to answer;

     (iii) Entry of default judgment against all defendants/respondents for failure to answer the Complaints;

Two days later, on June 8, 2017, the Ongs filed motions seeking the following relief:

(a) Reentry Motion for Issuance of an Order of Protection ... And Reentry Motion for Issuance of Permanent No Contact Order Against Babk Pasdar [et al.] (ECF no. 39)

(b) Reentry Motion opposing for another Extension of Time against the Defendants/Respondents for Failure to answer the Complaints of the Plaintiffs/Petitioners (ECF no. 40)

(c) Reentry of Motion to Grant a Default Judgment against the Seven Defendants/Respondents .... (ECF no. 41)

(d) Motion for Reentry of Statement of Claims Injuries & Relief in the Original Package of US District Court Application (ECF no. 42)

Motions (a), (b), and (c) are immediately recognizable as requests for precisely the relief denied in my prior Memorandum and Order. Although titled as "Reentry" motions, they are clearly motions for reconsideration. The title of Motion (d) is less clear, but on review it appears to be a motion for reconsideration of my grant of three defendants' motions to dismiss in my prior Opinion and Order.[1]

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has

---

[1] In connection with Motion (d) I have not overlooked a letter dated June 8, 2017, which is attached to another motion. (ECF no. 43-3)

been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

These motions for reconsideration repeat the grounds asserted in the prior motions. The exhibits consist largely of pleadings, letters, and the like that were before the court previously. These motions rehash the same facts asserted before. There are no significant new legal grounds or facts asserted—and certainly none that could not have been asserted on the prior motions. The plaintiffs simply ask the Court to change its mind. In short, there are no grounds for a motion for reconsideration.

The prior Opinion and Memorandum stated the reasons for the Court's rulings; they are incorporated by reference and will not be repeated here. Nothing in the current motions undermines those reasons. There are no facts, for example, bringing the claims within the statute of limitations. Nor are there any facts demonstrating that the plaintiffs' request for an order of protection against their neighbors is a federal matter, or that the court erred in granting extensions of time to answer.

The motions to reconsider are therefore denied.

## B. Disqualification of counsel

The only new aspect of these motions is the request to remove attorney Matthew Eric Blackman from the case. (ECF no. 43) Blackman represented defendant Jersey City Medical Center in this action. The short answer to the motion is that it is moot; the case has been dismissed against JCMC, and Blackman represents no other party. The plaintiffs may have a complaint about the attorney's conduct, but the issue of his removal is no longer relevant.[2]

## ORDER

Accordingly, IT IS this 13th day of June, 2017

ORDERED that the plaintiffs' motions (ECF nos. 39, 40, 41, 42, 43) are DENIED.

Kevin McNulty
United States District Judge

---

[2] The grounds for the motion are stated most clearly in an attached letter. (ECF no. 43-3 at 14) Plaintiffs allege that Blackman attached fraudulent postal forms to a certification having to do with mailing of papers. (The reference may be to the papers opposing the plaintiffs' motion for default judgment. See ECF no. 43-2 at 14–21.) It would have no bearing on the grounds for dismissal of claims against JCMC, i.e., the running of the statute of limitations. And the grounds for denial of a default judgment—e.g., that no default has been entered by the clerk, and that JCMC did in fact respond to the complaint by filing a motion to dismiss—are unaffected.