UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHANNA ONG,<br>DR. BEVERLY ONG,<br>               Plaintiffs,<br>v.<br>SUPERIOR COURT OF HUDSON COUNTY, *et al.*,<br>               Defendants. | Civ. No. 16-06777 (KM)(JBC)<br><br>OPINION |

The plaintiffs, Johanna Ong and Dr. Beverley Ong, bring this action against a number of State officials and entities. In an opinion and order filed on June 5, 2017 (ECF nos. 36, 37), the Court granted the motion of defendants Hudson County Sheriff's Office (the "Sheriff"), the Hudson County Correctional Center ("HCCC"), and the Jersey City Medical Center ("JCMC") to dismiss all claims, on statute of limitations grounds. Familiarity with that opinion is assumed.

Now before the Court is a motion (ECF no. 51) to dismiss the Complaint[1] for lack of jurisdiction and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed by four other defendants (the "Movants"). Those Movants are the Superior Court of New Jersey, Law Division, Hudson County (the "Superior Court"); the Hudson County Prosecutor's Office (the "Prosecutor's Office"); the State Department of Human Services ("NJDHS"); and Trenton Psychiatric Hospital ("TPH"). For the reasons stated herein, the motion will be granted.

---

[1] There is a Complaint, with voluminous exhibits. (ECF no. 1) There is also an "Amended Complaint," with voluminous exhibits. (ECF no. 3) I have reviewed all of the allegations and exhibits. The "Complaint," as used herein, encompasses both of these filings. One additional defendant, the Jersey City Municipal Court, is named in the Amended Complaint. It does not appear that the Municipal Court was ever served.

1

## I. FACTS

This litigation grew from a bitter dispute between plaintiffs, the Ongs, and their neighbors, the Pasdars,[2] that started in 2006. The particular focus of the Ongs' Complaint here is their treatment in connection with criminal charges of harassment, criminal mischief, and assault on sheriff's officers in 2012. (ECF No. 3 at 3-8).

On May 29, 2012, the Ongs appeared before Judge Joseph Isabella, J.S.C., for sentencing on charges of harassment and criminal mischief. (ECF No. 3-1 at 30-82; ECF No. 3-1 at 4). The Ongs allege that after the sentencing, they were "tortured" by sheriff's officers on the "9th floor in the Superior Court of Hudson County" and that Assistant Prosecutor Leonardo Rinaldi hid and failed to turn over to defense counsel video of the torture. (ECF No. 3 at 4-5; ECF No. 3-1 at 111).

On November 1, 2013, Johanna Ong appeared before Judge Frederick Theemling, J.S.C., in connection with charges of aggravated assault against a sheriff's officer arising from the May 29, 2012 incident at the courthouse. (ECF No. 3-1 at 1-3). Judge Theemling ordered Johanna Ong to be examined by a qualified psychiatrist to determine whether she was sane at the time of the offense and whether she was fit to proceed. (ECF No. 3 at 4; ECF No. 3-1 at 1-3). Johanna Ong alleges that after this court appearance, Sheriff's Officers "pushed" her and "dragged" her by her hair. (ECF No. 3 at 4-5).

Johanna Ong was transported to the Jersey City Medical Center ("JCMC") for a psychiatric evaluation that lasted six days. (ECF No. 3 at 5). She was then transferred to Trenton Psychiatric Hospital for further evaluation for a period of twenty days. (ECF No. 3 at 5). Ms. Ong alleges that she was committed for a total of thirty-three days, which was in excess of the authorization in Judge Theemling's Order that she be committed for "a period

---

[2] The name is sometimes rendered in the record as "Pastar."

2

not exceeding thirty (30) days." (ECF No. 3 at 4-7; ECF No. 3-1 at 1-3).

On October 10, 2014, Judge Martha Royster, J.S.C, dismissed the charges against Johanna Ong stemming from the May 29, 2012 incident on the basis that "defendant will not regain [her] fitness to proceed to trial." (ECF No. 3 at 1, 7; ECF No. 3-1 at 254). Similar charges against Beverly Ong were dismissed on motion of Assistant Prosecutor Rinaldi. (ECF No. 3-1 at 256-57).

On October 7, 2016, Plaintiffs filed a 245 page Complaint in the United States District Court for the District of New Jersey. (ECF No. 1). On October 17, 2016, Plaintiffs filed a 267 page Amended Complaint. (ECF No. 3). As stated in my earlier opinion, the allegations do not tie particular causes of action to particular defendants.

The claims against the Superior Court and the HCPO would necessarily arise from the actions of the Superior Court Judges and Assistant Prosecutor Rinaldi during the prosecution of Plaintiffs on the charges of harassment, stalking, etc., of their neighbors, and the ensuing charges of aggravated assault on a sheriff's officer. (See ECF No. 3 at 3-10). The likely gravamen of these claims would be a deprivation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983, and perhaps the State-law tort of assault.

As against the NJDHS and TPH, the Ongs are alleging that their commitment for psychiatric observation was unlawful, or unlawfully extended, and that they were mistreated. In relation to certain codefendants, I determined in my prior opinion that the "likely basis for such a claim would be a deprivation of constitutional rights under 42 U.S.C. § 1983 and/or state-law personal injury tort claim." (ECF No. 36 at 5).

## II. Standard on a Motion to Dismiss

### A. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges are either

3

facial or factual attacks. *See* 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.*

The Movants' argument that they are immune from suit based on the Eleventh Amendment is postured as a facial challenge to the jurisdictional basis of the Complaint. Accordingly, the Court will take the allegations of the Complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### B. Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a

speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The Complaint attaches a large volume of exhibits. The Court in considering a Rule 12(b)(6) motion is generally confined to the allegations of the complaint. That rule, however, has exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*,

5

704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### III. Analysis

#### A. Jurisdiction/Eleventh Amendment

The Eleventh Amendment poses a threshold jurisdictional obstacle to suit. The Eleventh Amendment incorporates a general principle of sovereign immunity which bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890). That bar applies unless Congress has abrogated it, or the State has waived it, two exceptions that do not apply here. *E.g., Pa Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

The plaintiff here sues under, *inter alia*, 42 U.S.C. § 1983.[3] The Ongs point out that Congress may override a state's sovereign immunity. Congress did not do so, however, when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Monetary claims for deprivations of civil rights under Section 1983 are therefore subject to the Eleventh Amendment sovereign immunity bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58 (1989).

---

3     Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Closely related is the principle that State entities are not "persons" who may be subject to liability under 42 U.S.C. § 1983. *Will*, 491 U.S. at 70-71.

State-law claims, too, are barred. Even where jurisdiction is otherwise proper, the Eleventh Amendment denies a federal court jurisdiction to hear claims that a state violated its own statutory or common law. *See Pennhurst State School & Hosp.*, 465 U.S. at 121.[4] *See also College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 131 F.3d 353, 355 n.1 (3d Cir. 1997) (noting that a claim of common law unfair competition "obviously could not be asserted successfully [against instrumentality of the state] in light of the Eleventh Amendment"), *aff'd*, 527 U.S. 666 (1999); *Doe v. Division of Youth & Family Servs.*, 148 F. Supp. 2d 462, 492 (D.N.J. 2001)(claim of common law negligence was barred by the Eleventh Amendment).

**NJDHS**: Agencies and departments of State government are immune from suit under the Eleventh Amendment. *See Pennhurst State School & Hosp.*, 465 U.S. at 121. The Department of Human Services ("NJDHS") is a department of State government, and therefore is under the umbrella of the State's sovereign immunity:

> The State Department of Human Services and the State Department of Health are "principal department[s]" within the State's "Executive Branch." N.J.S.A. 30:1–2 (establishing the Department of Health); N.J.S.A. 26:1A–2 (establishing the Department of Human Services). As such, both Departments are indisputably "arms of the state." See Aerated Products Co. v. Dep't of Health of N.J., 159 F.2d 851, 853–54 (3d Cir.1947) ("[T]he Department [of Health] is part of the executive branch of the New Jersey Government.... Consequently, we agree ... that plaintiff's

---

[4] To the extent State constitutional law claims are asserted, they are subject to the same Eleventh Amendment analysis. *Szemple v. Corr. Med. Servs.*, 493 F. App'x 238, 241 (3d Cir. 2012); *Stroby v. Egg Harbor Twp.*, 754 F. Supp. 2d 716, 721 n. 5 (D.N.J. 2010) (quoting *Chapman v. State of New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (Aug. 25, 2009)). And the NJCRA, like Section 1983, does not define a "person" to include the state. *Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012) (explaining that "person" as defined in the New Jersey Code does not encompass the state or its functional equivalents).

7

suit against the Department is protected by the Eleventh Amendment.").

*Rouse v. New Jersey Dep't of Health & Human Servs.*, No. CV 15-01511 (JLL), 2015 WL 5996324, at *2 (D.N.J. Oct. 13, 2015); *see also Gattuso v. New Jersey Dep't of Human Servs.*, 881 F. Supp. 2d 639, 645–46 (D.N.J. 2012) (Simandle, C.J.).

All claims against NJDHS must be dismissed for lack of jurisdiction.

**County Prosecutor's Office**: Counties and other local government entities are not "arms of the State" for Eleventh Amendment purposes. A County Prosecutor's office, however, occupies a hybrid status as both a State and local entity.

In general, to determine whether a governmental entity is an arm of the state for Eleventh Amendment purposes, a court must consider the three "*Fitchik* factors": (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy. *See Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc); *see also Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001) (citing *Christy v. Pennsylvania Turnpike Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995)).

The Court is not writing on a clean slate, however. It is well settled that when a County Prosecutor's Office is performing its core functions of investigating and prosecuting crime, it acts as an arm of the State. *See, Beightler v. Office of Essex Cty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (citing *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir.1996)); *In re Camden Police Cases*, No. CIV. 10-4757 RBK/JS, 2011 WL 3651318, at *3 (D.N.J. Aug. 18, 2011). *See also Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). "On the other hand, when county prosecutors are called upon to perform administrative tasks unrelated to their strictly prosecutorial functions, such as a decision whether to promote an investigator, the county prosecutor in effect acts on behalf of the county that is the situs of his or her office." *Wright v.*

8

*State*, 169 N.J. 422, 450, 778 A.2d 443, 461 (2001) (quoting *Coleman*, 87 F.3d at 1499).

County Prosecutor's Offices in New Jersey, including the Hudson County Prosecutor's Office, when performing their law enforcement functions, have regularly been held to be acting as arms of the State for Eleventh Amendment purposes:

> Based upon the above application of the *Fitchik* factors to the facts of the case at bar, this Court finds that the HCPO is an "arm of the state" entitled to sovereign immunity. Other courts in this district have held the same. *Woodyard v. County of Essex*, 514 Fed.Appx. 177 (3d Cir. 2013) (unpublished) (applying the *Fitchik* factors in finding that the Essex County Prosecutors Office is entitled to sovereign immunity against claims that the office arrested and detained plaintiff without probable cause); *Beightler v. Office of Essex County Prosecutor*, 342 Fed.Appx. 829, 2009 WL 2562717 (3d Cir.2009) (unpublished); *In re Camden Police Cases*, 2011 WL 3651318 (D.N.J. Aug. 18, 2011) (Kugler, J.) (finding, upon application of the *Fitchik* factors, that the Camden County Prosecutor's Office is immune from suit); *Kandil v. Yurkovic*, 6–cv–4701, 2007 WL 4547365, *4 (D.N.J.2007) (Greenaway, J.) ("[T]he District of New Jersey has consistently held that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers."); *Paez v. Lynch*, 7–cv–5036, 2009 WL 5171858, *4 (D.N.J. Dec. 23, 2009) (Cavanaugh, J.) (finding that the HCPO is an "arm of the state," for Eleventh Amendment purposes); *Mikhaeil v. Santos*, 10–cv–3876, 2011 WL 2429313, *4 (D.N.J. June 13, 2011) (Martini, J.) (barring, on Eleventh Amendment grounds, all section 1983 claims brought against the State of New Jersey and its agencies, including the HCPO).

*Rouse v. New Jersey Dep't of Health & Human Servs.*, No. CV 15-01511 (JLL), 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015) (Linares, J.).

The Ongs' claims against the Hudson County Prosecutor's Office do not involve administrative functions, such as hiring and firing. Rather, they rest squarely on that Office's investigation and litigation of criminal charges against

them. Their claims against the Prosecutor's Office are therefore barred by the Eleventh Amendment.

**Superior Court**: Here, too, it is not necessary to perform the *Fitchik* analysis *de novo*. It is well settled that the Superior Court of New Jersey, and its employees acting in their official capacities, partake of the State's Eleventh Amendment immunity to suit. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 F. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)); *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) (citing *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-98 (D.N.J. 1994)).

The Ongs' claims here are directed at the actions of the judges of the Superior Court, undertaken in their judicial capacities. Those claims are jurisdictionally barred by the Eleventh Amendment.[5]

**Hospital**: Finally, I consider the Trenton State Psychiatric Hospital. TPH "is a state hospital, created by statute, N.J. Stat. Ann. § 30:1-7, operated by the Department of Human Services and under the control of the Commissioner of Human Services, N.J. Stat. Ann. § 30:1-12," and has been held to be entitled to sovereign immunity as well. *Fladger v. Trenton Psychiatric E. 2 Treatment Team*, No. 12-5982, 2013 U.S. Dist. LEXIS 90434, at *19-21 (D.N.J. Jun. 27, 2013). As to TPH, the case law is concededly not so deep or well-established as it is for the Superior Court or the Prosecutor's Office. Even assuming the Court possesses jurisdiction, however, the Complaint must be dismissed, for the reasons expressed in the following section.

## B. Statute of Limitations

The Movants seek to dismiss the Ongs' Complaint on statute of limitations grounds. I analyze this claim in the alternative, to remove any doubt

---

5    I therefore do not reach other issues, such as judicial immunity.

as to the dismissal on jurisdictional grounds (chiefly, if at all, as to TPH). Because the Complaint was filed outside of the applicable two-year limitations period, it will be dismissed as against these Movants, as it was against their codefendants in my earlier opinion. (ECF no. 36)

The statute of limitations is technically an affirmative defense which must be pled in an answer. *See* Fed. R. Civ. P. 8(c)(1). Nevertheless, a complaint may be dismissed on statute of limitations grounds on a Rule 12(b)(6) motion, if "the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, __ F.3d __, 2017 WL 2112308 at *4 (3d Cir. May 16, 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

Federal claims under 42 U.S.C. § 1983 borrow the relevant State's statute of limitations for personal injury claims. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims). The § 1983 claims and any state personal injury claim, then, are governed by a two year statute of limitations. N.J. Stat. Ann. § 2A:14-2. Although the statute of limitations is an affirmative defense, a dismissal is permissible where the action's untimeliness is clear, based on the complaint and items properly considered on a motion to dismiss. *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017); *see also Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

Relevant dates for statute of limitations purposes are pled in the Complaint as follows: In 2009, the Ongs were indicted for various harassment-related charges in connection with their neighbors, the Pasdars. (ECF no. 1-7) The sentencing date for those charges was May 29, 2012, and it was then that an altercation with Sheriff's officers occurred. On November 1, 2013, Johanna Ong was again in Court in connection with charges of aggravated assault against a Sheriff's officer and resisting arrest (arising from the May 29, 2012

incident). (*See* ECF nos. 1-4, 1-6) Judge Theemling then ordered a psychiatric examination of Johanna Ong. (ECF no. 1-3; ECF no. 3 at 4)[6] An initial six-day evaluation at JCMC was followed by 22-day stay at TPH. (ECF no. 1; ECF no. 3 at 4–5) The Movants state that Johanna Ong was released from TPH in November 2013, but even by her own account she was released in December 2013 at the latest.

The Ongs' Complaint in this action was originally filed on October 7, 2016. Any cause of action that accrued before October 7, 2014, is therefore barred by the two-year statute of limitations. The claims against the Movants, particularly TPH, are ill-defined, but it appears that they necessarily accrued by December 2013. No wrongful act is alleged to have occurred after that date.[7]

Accordingly, even if the Complaint survived an Eleventh Amendment jurisdictional analysis, it would be time-barred as against these Movants.

## CONCLUSION

For the foregoing reasons, the Movants' motion (ECF no. 51) under Rule 12(b)(1) and 12(b)(6) to dismiss the complaint is **GRANTED** as to defendants Superior Court of New Jersey, Law Division, Hudson County (the "Superior Court"); the Hudson County Prosecutor's Office (the "Prosecutor's Office"); the State Department of Human Services ("NJDHS"); and Trenton Psychiatric Hospital ("TPH"). This dismissal, which is essentially jurisdictional, is without prejudice.

Dated: January 8, 2018

Kevin McNulty
United States District Judge

---

[6] Eventually she was found unfit and the charges were ordered dropped. (ECF no. 1-17)

[7] Tolling or delayed accrual are not issues here. These wrongful actions and their wrongful nature would have been immediately apparent to the plaintiffs.